1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT McCARTHY,                          No.  2:16-cv-00505-KJM-AC

12                 Plaintiff,

13        v.                                    ORDER

14   SAINI LODGING INVESTMENT, LLC,

15                 Defendant.

16

17             Robert McCarthy brings this action against a Days Inn hotel owner for

18   discriminatory practices in public accommodations.  Before the court are two motions:

19   defendant's motion to dismiss for lack of subject matter jurisdiction and plaintiff's motion to

20   enforce a settlement agreement with defendant, which plaintiff argues is encompassed in a pair of

21   emails between the parties.  Def.'s Mot. to Dismiss, ECF No. 21 ("MTD"); Pl.'s Mot. to Enforce

22   the Settlement Contract, ECF No. 33 ("MTE").  Both motions are opposed, Pl.'s Opp'n, ECF

23   No. 25; Def.'s Opp'n, ECF No. 35, with replies also on file.  Def.'s Reply, ECF No. 26; Pl.'s

24   Reply, ECF No. 36.  The court held a hearing on the motion to dismiss on September 8, 2017, and

25   a hearing on the motion to enforce settlement on October 20, 2017.  ECF No. 31; ECF No. 37.

26   As explained below, the court DENIES plaintiff's motion.  Defendant's motion to dismiss will be

27   DENIED without prejudice to renewal after limited discovery as will be allowed based on the

28   parties' additional filing ordered below.

                                              1

I.     PROCEDURAL BACKGROUND

    A.     Litigation Commenced

Plaintiff filed suit on March 10, 2016, asserting twelve claims under the Americans with Disabilities Act: (1) denial of participation, 42 U.S.C. § 12182(b)(1)(A)(i); (2) participation in unequal benefit, *id*. § 12182(b)(1)(A)(ii); (3) separate benefit, *id*. § 12182(b)(1)(A)(iii); (4) integrated settings, *id*. § 12182(b)(1)(B); (5) administrative methods, *id*. § 12182(b)(1)(D); (6) screen out, *id*. § 12182(b)(2)(A)(i); (7) auxiliary aids, *id*. § 12182(b)(2)(A)(ii); (8) communication barriers, *id*. § 12182(b)(2)(A)(iv); (9) denial of full and equal access, *id*. §§ 12182(a), 12182(b)(2)(A)(iv), 12188; (10) failure to make alterations in such a manner that the altered portions of the facility are readily accessible and usable by individuals with disabilities, *id*. §§ 12183(a), 12182(a), 12188; (11) failure to remove architectural barriers, *id*. §§ 12182(b)(2)(A)(iv), 12188; and (12) failure to modify practices, policies, and procedures, *id*. §§ 12182(b)(2)(A)(iv), 12188.  Compl. ¶¶ 21–36.  Plaintiff also brings three claims under what he titles California Accessibility Laws: (1) denial of full and equal access, Cal. Civ. Code §§ 54, 54.1, 54.3; (2) failure to modify practices, policies and procedures, *id*. § 54.1; and (3) violation of the Unruh Act, *id*. §§ 51(f), 52.  *Id*. ¶¶ 39–42.

    B.     Motion to Dismiss

On August 1, 2017, defendant filed a motion to dismiss for lack of jurisdiction. MTD.  At hearing of the motion on September 8, 2017, after hearing from the parties, the court directed the parties to meet and confer and notify the court if they could reach an agreement regarding the scope of limited discovery; if the parties could not reach agreement, the court indicated it would determine the scope of limited discovery in a forthcoming order.  Mins. for Mot. Hr'g, ECF No. 31.  The parties did not reach an agreement.  Pl.'s Statement 1:12–14, ECF No. 32.

    C.     Motion to Enforce Settlement

On September 13, 2017, plaintiff filed a motion to enforce settlement in which he argued that a 2017 email exchange between the parties constituted an enforceable settlement agreement.  The court then deferred "determining whether to allow any discovery on the pending

Motion to Dismiss." ECF No. 34. After hearing on the motion to enforce the settlement, Mins. for Mot. Hr'g, ECF No. 37, the court directed the parties to file additional briefing identifying case law addressing whether the court may enforce a settlement agreement in this ADA case, if the settlement does not resolve or address injunctive relief prayed for in the complaint. *Id*. On October 27, 2017, plaintiff filed a response to the court's request. ECF No. 38. Defendant did not file any additional briefing.

II.      LEGAL STANDARD

"[A] district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract," *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989), and the "court's enforcement power include[s] authority to award damages" or specific performance. *T.N.T. Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (citations omitted). "[T]he district court may enforce only *complete* settlement agreements." *Callie*, 829 F.2d at 890 (emphasis in original) (citations omitted). A complete agreement requires: (1) accord on all "*material terms*"; and (2) "the intent of the parties to bind themselves." *Id.* at 891 (emphasis in original). Intent is established "[i]f the record . . . show[s] that the [parties] had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the action . . . ." *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977).

III.      ANALYSIS

A.      Motion to Enforce Settlement

Plaintiff moves to compel enforcement, arguing "that an enforceable contract arose via [d]efendant's [o]ffer and the immediate unconditional acceptance of [d]efendant's offer by [p]laintiff." MTE 2:7–9. Plaintiff argues an enforceable agreement is encompassed in a pair of spare emails exchanged between the parties. More specifically, plaintiff contends defendant's offer was contained in an email sent on May 11, 2017, MTE 2:1–3, from defendant's attorney to plaintiff's attorney stating: "My client has authorized me to offer plaintiff $4,000 to settle." MTE

/////

3

5:6–7.  Plaintiff argues he unconditionally accepted defendant's offer by responding to the email in stating: "My client reluctantly accepts your client's offer to resolve this matter."  *Id.* at 5:14–15.

While on its face the cursory email exchange appears to include every element of a valid contract—offer, acceptance, consideration—it is missing one crucial component given the nature of the case here.  Specifically, the email exchange fails to address injunctive relief, which is the only form of relief available under plaintiff's ADA claims, and his ADA claims are the reason his case has proceeded in federal court.  *Id*.  Additionally, a third email sent from defense counsel's office to plaintiff's asks for a "draft Settlement Agreement for review/redline," indicating that a final settlement has not been reached, with a final meeting of the minds yet to be accomplished.  Def.'s Opp'n to MTE Ex., ECF No. 35-2.

In plaintiff's counsel's response to the court's request for additional authority, he cites a case in which the district court awarded monetary damages on pendent state claims after granting summary judgment for the defense on the federal ADA claims because the federal claims were mooted by virtue of corrected violations.  *See* Pl.'s Resp. at 1 (citing *Kittok v. Ralphs Grocery Co*., 2009 WL 2246238, *2 (C.D. Cal. Jul. 2009)).  The *Kittok* decision is not analogous to the case at bar in that it was determined at the summary judgment stage.  According to Ninth Circuit precedent, which *Kittok* acknowledges, the district court has discretion to retain supplemental jurisdiction over state law claims only if it has dismissed the federal law claims on the merits.  *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."); *see also Langer v. Kacha*, 2016 WL 524440, at *5 (S.D. Cal. 2016) (applying this principle in an ADA case: "Because the Court has dismissed Plaintiff's ADA claim for lack of subject matter jurisdiction, it does not have discretion to exercise supplemental jurisdiction over the state-law claims.").  In this case, the court has not decided any federal ADA claims on the merits, and thus, does not have discretion to enforce an

/////

4

1    agreement that entirely disregards the injunctive relief provided by federal law in order to obtain

2    monetary damages available only by way of  separate state-law claims.

3            Moreover, the purported settlement here exposes the flaw other district courts have

4    observed in cases in which plaintiffs exploit the ADA to bring their claims in federal court when

5    all they really seek is monetary damages available only under state law.  *See Molski v. Arby's*

6    *Huntington Beach*, 359 F. Supp. 2d 938, 941 (C.D. Cal. 2005) ("ADA claims in [such a] case

7    may be a sham, used as a pretext to gain access to the federal courts while pursuing state law

8    remedies."); *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1214 (S.D. Cal.

9    2007) ("[I]n abusive ADA litigation, monetary awards have become more important than access

10   for disabled persons, which has undermined both the spirit and purpose of the ADA.") (citing

11   *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 866–67 (C.D. Cal. 2004)).  Here,

12   where plaintiff has not clarified why it is consistent with the law embodied in the ADA for him to

13   settle an ADA case without so much as a mention of injunctive relief, the court declines to bless

14   his position.

15           The court finds the email exchange between the parties did not effect a complete

16   agreement because the parties did not address injunctive relief.  The court DENIES plaintiff's

17   motion to enforce the settlement contract.

18       B.    Motion to Dismiss/Limited Discovery

19           Defendant's motion to dismiss will be denied without prejudice to renewal

20   following limited discovery to determine whether the barriers alleged in the complaint and

21   otherwise at issue have in fact been cured.

22           Because plaintiff has Article III standing to bring his ADA claim for injunctive

23   relief due to the statutory violations he alleges he "may conduct discovery to determine what, if

24   any, other barriers affecting his [] [] disability existed at the time he [] [] brought the claim."

25   *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043–44 (9th Cir. 2008) (articulating policy rationale,

26   that "[g]iven that an ADA plaintiff has standing because of deterrence from returning in the face

27   of uncertainty, it is prudent to eliminate that uncertainty through the judicial device of discovery,

28   thus allowing the plaintiff to obtain by formal means the information about the scope of the

5

defendant's violations that he may have been unable to safely ascertain himself because of those same violations."). The court will allow discovery narrowly limited to that needed to determine whether the barriers plaintiff alleges in his complaint have been cured and the status of other barriers affecting plaintiff's disability existing at the time he brought his claims.

Now that the court has clarified the posture of the case, the parties are ordered to file within fourteen (14) days a stipulation and proposed order, or if no stipulation can be reached a joint statement setting forth their different positions, regarding the time frame and scope of the discovery that should be allowed. The court will then order a schedule for the limited discovery following which the defendant will be allowed to renew its motion to dismiss, or file a new motion to dismiss or other responsive pleading.

## IV.   CONCLUSION

Plaintiff's motion to enforce settlement is DENIED. Defendant's motion to dismiss is DENIED without prejudice to renewal as explained above. The parties are ORDERED to submit within fourteen (14) days a stipulation and proposed order or joint statement addressing the scope and schedule for the limited discovery the court is allowing as described above.

This resolves ECF Nos. 21 and 33.

IT IS SO ORDERED.

DATED:  January 18, 2018.

_____
UNITED STATES DISTRICT JUDGE